IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN ANDRE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-023 |
| | ) | |
| DR. CHAUDHARY AYAZ, | ) | |
| Gastroenterologist Doctor for the | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at the Cobb County Detention Center in Marietta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of

Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the

current action, (2) the disposition of any such lawsuits, and (3) whether they were allowed to proceed IFP in any such lawsuits. (Doc. no. 1, pp. 1-2.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts as those involved in the current action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the parties, the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id.)

## II. DISCUSSION

### A. Plaintiff's Complaint Should Be Dismissed Because He Provided Dishonest Information About His Filing History.

Here, under penalty of perjury, Plaintiff did not identify any other case he had filed. (Id. at 1-3.) However, the Court is aware that Plaintiff filed another case in the Northern District of Florida at the same time he commenced this lawsuit, naming the same Defendant and raising the same deliberate indifference claim he raises in this case. Matthews v. Ayaz, Case No. 4:16-cv-140-RH-GRJ (N.D. Fla. Mar. 4, 2016). The Court is aware of this second case because the Northern District of Florida transferred the case to this District when it recognized the complaint raised allegations about events that occurred in the Southern District of Georgia. Id., doc. no. 4; see also Matthews v. Ayaz, CV 116-032 (S.D. Ga. Mar. 16, 2016) (case assignment upon transfer).

A comparison of the complaints in the case commenced in the Northern District of Florida and the above-captioned case, both signed by Plaintiff on February 26th, reveals virtually a word-for-word match in the recitation of the Statement of Claim and Relief.

3

Compare Matthews v. Ayaz, CV 116-032, doc. no. 1 with Matthews v. Ayaz, CV 116-023, doc. no. 1. Plaintiff declared under penalty of perjury in the Northern District of Florida case that he had not filed other lawsuits in federal court while incarcerated at any institution. Matthews v. Ayaz, CV 116-032, doc. no. 1, p. 1. Plaintiff declared under penalty of perjury in the above-captioned case not only that he had not filed other lawsuits in federal court while incarcerated at any institution, but also that he had not begun lawsuits in state or federal court dealing with same facts involved in this action. Matthews v. Ayaz, CV 116-023, doc. no. 1, pp. 1-2. As can be seen from the face of the two complaints, Plaintiff commenced the same case in two separate federal courts, at the same time, concerning the same events, without disclosing the existence of the other. Thus, Plaintiff provided dishonest information about his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended

4

complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about filing other federal lawsuits, and in a particular another federal lawsuit concerning the same allegations of deliberate indifference, were blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### B. Plaintiff's Request to Amend

Because the Court is recommending dismissal of this case, Plaintiff's request to amend contained in a letter with a list of names he wants to add as Defendants, addressed to the Clerk of Court and improperly docketed as a motion, should be denied as moot. (Doc. no. 6.) In any event, the "motion" would be subject to denial even if the Court were not recommending dismissal of the case based on Plaintiff's dishonesty. Not only is the request

to amend in a letter rather than a properly captioned motion, but it is also an improper piecemeal attempt at amending that does not provide any details about any actions of the four listed individuals. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009) (explaining impropriety of piecemeal amendment).

Should the District Judge accept the recommendation for dismissal, and if Plaintiff chooses to file a new case based on the allegations in this complaint that names Dr. Ayaz and the four individuals listed in his letter, he must explain how each individual allegedly violated his rights. Plaintiff should also be aware it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, in addition to explaining how each individual allegedly violated his rights, Plaintiff would have to show how claims against Defendants located in Atlanta, Reidsville, and Augusta are sufficiently related to be brought together in one case.[1]

## III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** the request to amend

---

[1]Generally speaking, claims arising in Atlanta would be filed in the Northern District of Georgia. Claims arising in Reidsville would be filed in the Statesboro Division of the Southern District of Georgia, and claims arising in Augusta would be filed in the Augusta Division of this District.

be **DENIED AS MOOT**, (doc. no. 6), and this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 28th day of March, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA