IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN ANDRE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-023 |
| | ) | |
| DR. CHAUDHARY AYAZ, | ) | |
| Gastroenterologist Doctor for the | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 11). The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff provided dishonest information about his filing history, and recommended denying as moot the motion to amend. (Doc. no. 8.) Plaintiff concedes that he did not provide accurate responses to the questions on the complaint form but asks that the Court excuse his mistake. The Court declines to do so and **OVERRULES** Plaintiff's objections. As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See id. at 4-5.)

Plaintiff's additional arguments about the validity of his claim and desire to amend his complaint, as well as his requests for appointment of counsel, (see doc. nos. 10, 11), are

moot because the entire case is due to be dismissed. In any event, as a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id. Plaintiff's filings fail to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown in his motion that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, the recommendation for dismissal without prejudice is not based on the failure to adequately explain the legal basis of Plaintiff's straightforward deliberate indifference allegations, but rather dishonesty in answering basic questions on a form complaint.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** the request to amend, (doc. no. 6), **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.[1]

SO ORDERED this 18th day of April, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As the dismissal is without prejudice, nothing in this Order prevents Plaintiff from attempting to re-file his claims in a new case, which would require payment of a new filing fee or submission of a new motion to proceed *in forma pauperis*.